THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Email: Cameron@sehatlaw.com

*Attorneys for Plaintiffs Sandy Sedlick and Joseph Sedlick*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SANDY SEDLICK and JOSEPH SEDLICK, individually and as successors-in-interest Of The Estate of the deceased, ROBERT SAUL JAUREZ IV,

        Plaintiff,

   vs.

CITY OF REDLANDS, a governmental entity;YESSENIA BLEVENS, individually; TYLER FRISCH, individually; TYLER SIMONSEN, individually; ISAAC SPIEGEL, individually; and DOES 1-10, inclusive,

Defendants.

Case No.

**COMPLAINT FOR DAMAGES**
1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)
2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
4. Substantive Due Process (42 U.S.C. § 1983)
5. Municipal Liability—Ratification (42 U.S.C. § 1983)
6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
8. Battery (Wrongful Death)
9. Negligence (Wrongful death)
10. Violation of Cal. Civil Code §52.1
11. Intentional Infliction of Emotional Distress
12. Negligent Infliction of Emotional Distress

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs SANDY SEDLICK and JOSEPH SEDLICK, individually and as successors-in-interest to ROBERT SAUL SAUREZ IV, deceased, for their Complaint against Defendants CITY OF REDLANDS, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 and allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3.      Plaintiffs submitted a Government Tort Claim to the City of Redlands on January 6, 2023.

4.      The City of Redlands rejected the claim on February 27, 2023 and hence, this lawsuit ensued.

**INTRODUCTION**

5.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff's son, ROBERT SAUL JUAREZ IV ("DECEDENT"), on January 1, 2023.

# PARTIES

6.  At all relevant times, Decedent ROBERT SAUL JUAREZ IV was an individual residing in the City of Redlands, California.

7.  Plaintiff SANDY SEDLICK is an individual residing in the City of Redlands, California and is the mother of DECEDENT and sues both in her individual capacity and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  Plaintiff seeks both survival and wrongful death damages under federal and state law.

8.  Plaintiff JOSEPH SEDLICK is an individual residing in the City of Redlands, California and is the stepfather of DECEDENT and sues both in his individual capacity and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. Plaintiff seeks both survival and wrongful death damages under federal and state law.

9.  At all relevant times, Defendant CITY OF REDLANDS ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Redlands Police Department ("RPD"), and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the RPD and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL, and Defendant DOES 1-10, hereinafter collectively referred to as "the individual defendants."

10.  DOES 1-10 were officers and other employees working for the CITY, through their employment with the RPD. At all relevant times, DOES 1-10 were acting under color of law within the course and scope of their duties as officers for

COMPLAINT FOR DAMAGES

the RPD or the CITY. Also, at all relevant times, DOES 1-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

11.     Other DOES may be joined as defendants to this action at a later date after the filing of this complaint if and when additional DOES become ascertainable.

12.     At all relevant times, Defendant YESSENIA BLEVENS was a RPD officer acting under color of state law within the course and scope of her duties as an officer for the RPD. Also at all relevant times, Defendant YESSENIA BLEVENS was acting with the complete authority and ratification of her principal, Defendant CITY.

13.     At all relevant times, Defendant TYLER FRISCH was a RPD officer acting under color of state law within the course and scope of his duties as an officer for the RPD. Also at all relevant times, Defendant TYLER FRISCH was acting with the complete authority and ratification of his principal, Defendant CITY.

14.     At all relevant times, Defendant TYLER SIMONSEN was a RPD officer acting under color of state law within the course and scope of his duties as an officer for the RPD. Also at all relevant times, Defendant TYLER SIMONSEN was acting with the complete authority and ratification of his principal, Defendant CITY.

15.     At all relevant times, Defendant ISAAC SPIEGEL was a RPD officer acting under color of state law within the course and scope of his duties as an officer for the RPD. Also at all relevant times, Defendant ISAAC SPIEGEL was acting with the complete authority and ratification of his principal, Defendant CITY.

16.     DOE "ONE" is a supervisory officer working for the CITY, through his employment with the RPD.  At all relevant times, DOE "ONE" was acting under color of law within the course and scope of his duties as an officer for the RPD. Also at all relevant times, DOE "ONE" was acting with the complete authority and ratification of his principal, Defendant CITY.

17.     DOES TWO through TEN were officers working for the CITY, through their employment with the RPD. At all relevant times, DOES TWO through

1  TEN were acting under color of law within the course and scope of their duties as

2  officers for the RPD. Also at all relevant times, DOES TWO through TEN  were

3  acting with the complete authority and ratification of their principal, Defendant

4  CITY.

5      18.    On information and belief, the foregoing individual defendants were

6  residents of the City of Redlands or the County of San Bernardino.

7      19.    In doing the acts and failing and omitting to act as hereinafter

8  described, Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER

9  SIMONSEN, and ISAAC SPIEGEL, and Defendants DOES 1-10 were acting on the

10  implied and actual permission and consent of the supervisory officer DOE "ONE."

11      20.    In doing the acts and failing and omitting to act as hereinafter

12  described, the individual defendants were acting on the implied and actual

13  permission and consent of the CITY.

14      21.    At all times mentioned herein, each and every defendant was the agent

15  of each and every other defendant and had the legal duty to oversee and supervise

16  the hiring, conduct, and employment of each and every defendant.

17      22.    All of the acts complained of herein by Plaintiffs against Defendants

18  were done and performed by said Defendants by and through their authorized

19  agents, servants, and/or employees, all of whom at all relevant times herein were

20  acting within the course, purpose, and scope of said agency, service, and/or

21  employment capacity. Moreover, Defendants and their agents ratified all of the acts

22  complained of herein.

23      23.    The individual defendants are sued in their individual capacities.

24

25          **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

26      24.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

27  through 23 of this Complaint with the same force and effect as if fully set forth

28  herein.

COMPLAINT FOR DAMAGES

25.     On January 1, 2023, officers working for the CITY arrived at 804 Joni Lane, City of Redlands, CA 92374. The first group of officers arrived at approximately 2:25 a.m. on that date.

26.     Upon information and belief, while officers were standing outside of 804 Joni Lane, City of Redlands, CA 92374, a request had been made to a crisis negotiator to assist in getting DECEDENT out of the front yard of the residence.

27.     Shortly after 2:25 a.m., Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN,ISAAC SPIEGEL, and DOES 1-3, who are supervisory officers working for the CITY and the RPD, established a plan to attempt to remove the DECEDENT from the front yard of the residence notwithstanding that DECEDENT posed no immediate threat of death or serious bodily injury to any person. At this time, officers working for the CITY had already commanded DECEDENT's family members to exit the residence.

28.     Less than an hour and a half after first arriving on scene, Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 began to engage DECEDENT.

29.     In response to the unreasonable detention of DECEDENT within the residence, and the physical force used on him preventing him from calmly leaving the residence, DECEDENT complied with the commands of the RPD officers while standing in front of the residence, but DECEDENT was intoxicated and lethargic while standing before Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10.

30.     As DECEDENT was near the sidewalk in a drunken stupor, he attempted to move his body, and Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10, who were staged right outside the front yard of the residence, opened fire and struck DECEDENT in his right temple.

31.     Upon information and belief, no mental health crisis negotiator had engaged with DECEDENT when Defendants began to use force on him.  The cessation of negotiation efforts and the failure to wait for the arrival of MHU in this situation was a contributing factor in the sustained unreasonable detention, and a cause in the use of excessive force against DECEDENT.

32.     DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

33.     After being shot, DECEDENT was bleeding profusely and in obvious and critical need of emergency medical care and treatment. Defendants did not timely permit medical personnel to treat DECEDENT.

34.     Also, after DECEDENT had been shot, officers handcuffed DECEDENT, and DECEDENT's body was left uncovered for several hours.

35.     The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

36.     The use of force against DECEDENT by the individual defendants was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was suffering from a mental crisis and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

**(By Plaintiffs against Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL, and DOES 1-10)**

37.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.     Defendants detained DECEDENT without reasonable suspicion and arrested him without probable cause.

39.     When Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 pointed their weapons at DECEDENT and used force against him, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10.

41.     As a result of their misconduct, Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL and DOES 1-10 are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

42.     Plaintiffs brings this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees under this claim.

**SECOND CLAIM FOR RELIEF**

**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

**(By Plaintiffs against Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10)**

43.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44.     Defendants deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45.     Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 used excessive force against DECEDENT when they deployed their firearms and struck DECEDENT in the right temple.

46.     Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, used excessive force against DECEDENT when they shot him in the temple without warning. Defendants' gunshots caused DECEDENT's death.

47.     Defendants DOES 1-10 used excessive force against DECEDENT, and the non-shooting Defendants were further liable to the DECEDENT because they failed to intervene and prevent the use of deadly force by the shooting Defendants.

48.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

49.     The conduct of the individual defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to the individual defendants.

50.     The use of force was excessive and unreasonable, especially because DECEDENT was suffering a mental crisis (a fact known to the involved officers at the time of the incident) and posed no immediate threat of death or serious bodily

injury at the time of the shooting. Further, Defendants' use of force violated their training and standard police officer training.

51.     As a result of their misconduct, Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 are liable for DECEDENT's injuries, either because they were integral participants in the use of force, or because they failed to intervene to prevent these violations.

52.     Plaintiffs brings this claim as successors-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

**(By Plaintiffs against Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEFEL, and DOES 1-10)**

53.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.      The denial of medical care by Defendants deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

55.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

56.     Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

57.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual defendants.

58.     As a result of their misconduct, Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

59.     Plaintiffs brings this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

**(By Plaintiffs against Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10)**

60.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

62.     Plaintiff's DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner

1  as to shock the conscience, including but not limited to unwarranted state
2  interference in Plaintiff's familial relationship with her son, DECEDENT.

3       63.    The aforementioned actions of Defendants YESSENIA BLEVENS,
4  TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 along
5  with other undiscovered conduct, shock the conscience, in that they acted with
6  deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and
7  with purpose to harm unrelated to any legitimate law enforcement objective.

8       64.    As a direct and proximate result of these actions, DECEDENT
9  experienced pain and suffering and eventually died.  Defendants thus violated the
10 substantive due process rights of Plaintiffs to be free from unwarranted interference
11 with their familial relationship with DECEDENT.

12      65.    As a direct and proximate cause of the acts of Defendants, Plaintiffs
13 suffered emotional distress, mental anguish, and pain. Plaintiffs have also been
14 deprived of the life-long love, companionship, comfort, support, society, care, and
15 sustenance of DECEDENT, and will continue to be so deprived for the remainder of
16 their natural lives.

17      66.    As a result of their misconduct, Defendants YESSENIA BLEVENS,
18 TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEl, and DOES 1-10 are
19 liable for DECEDENT's injuries, either because they were integral participants in
20 the wrongful detention and arrest, or because they failed to intervene to prevent
21 these violations.

22      67.    Defendants' conduct was willful, wanton, malicious, and done with
23 reckless disregard for the rights and safety of DECEDENT and Plaintiffs and
24 therefore warrants the imposition of exemplary and punitive damages as to the
25 individual Defendants.

26      68.    Plaintiffs brings this claim individually and as successors-in-interest to
27 the DECEDENT, and seek both survival and wrongful death damages. Plaintiffs
28 also seeks attorneys' fees under this claim.

# FIFTH CLAIM FOR RELIEF

## Municipal Liability – Ratification (42 U.S.C. § 1983)

### (By Plaintiffs against Defendant CITY)

69.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.     Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 acted under color of law.

71.     The acts of the individual defendants deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

72.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the individual defendants, ratified the defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual defendants' acts.

73.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the individual defendants were "within policy."

74.     By reason of the aforementioned acts and omissions, Plaintiffs suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

75.     Accordingly, Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

76.     Plaintiffs brings this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek punitive damages and attorney's fees under this claim.

**SIXTH CLAIM FOR RELIEF**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**(Against Defendant CITY)**

77.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78.     Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL acted under color of state law.

79.     The acts of the individual defendants deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

80.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal. This includes training with respect to tactics, handling situations with the mentally ill, and the use of force, including deadly force.

81.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately, including training with respect to tactics, handling situations with the mentally ill, and the use of force, including deadly and non-deadly force.

82.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by the individual defendants; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

83.     On information and belief, CITY failed to train the individual defendants properly and adequately, including training with respect to tactics, handling situations with the mentally ill, and the use of force, including deadly and non-deadly force.

84.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training,

-13-

guidance, and support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

85.     Accordingly, Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

86.     Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek punitive damages and attorneys' fees under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendant CITY)**

87.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88.     The individual defendants, including YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL, acted under color of law.

89.     The individual defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

90.     On information and belief, the individual defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

91.     Defendants CITY, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly and non-deadly force;

(b)     Providing inadequate training regarding the use of deadly force;

-14-

(c)   Employing and retaining as police officers individuals such as Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)   Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER FRISCH, and ISAAN SPIEGEL;

(f)   Failing to adequately discipline CITY police officers, including Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)   Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

COMPLAINT FOR DAMAGES

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people;

(k)    Providing inadequate training regarding handling situations with mentally ill individuals.

92.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

93.    Defendant CITY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate

COMPLAINT FOR DAMAGES

indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

94.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant CITY were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

95.     Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

96.     Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek punitive damages and attorneys' fees under this claim.

## **EIGHTH CLAIM FOR RELIEF**

### **Battery (Wrongful Death)**

**(Against Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, and ISAAC SPIEGEL, and DOES 1-10)**

97.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 96 of this Complaint with the same force and effect as if fully set forth herein.

98.     YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL and DOES 1-10, while working as officers for the RPD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him. As a result of the actions of YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10, Decedent suffered severe pain and suffering and ultimately died from his injuries. YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers, crisis negotiation officers, and/or RPD team officers was an unreasonable and nonprivileged use of force.

99.     CITY is vicariously liable for the wrongful acts of Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.    The conduct of YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10.

101.    Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek punitive damages and attorneys' fees under this claim.

## NINTH CLAIM FOR RELIEF

### Negligence (Wrongful Death)

### (Against all Defendants)

102.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 101 of this Complaint with the same force and effect as if fully set forth herein.

103.   Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

104.   Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 were negligent and reckless, including but not limited to:

(a)   The failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)  the negligent tactics and handling of the situation with DECEDENT, including pre-shooting and negligence;

(c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)   the failure to provide prompt medical care to DECEDENT;

(e) the failure to properly train and supervise employees, both professional and non-professional, including YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10;

-19-

(f)  the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)  the negligent handling of evidence and witnesses;

(h)  the negligent communication of information during the incident;

(i)  the failure to properly train YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 with regard to handling situations involving mentally ill individuals;

105.   As a direct and proximate cause of Defendant's conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, their son, and will continue to be so deprived for the remainder of their natural lives.

106.   CITY is vicariously liable for the wrongful acts of Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

107.   Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek punitive damages and attorneys' fees under this claim.

## TENTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 51.2

### (Against all Defendants)

108.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 111 of this Complaint with the same force and effect as if fully set forth herein.

109.   California Civil Code, Section 52.1 (The Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

110.   On information and belief, Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

111.   When Defendants shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

112.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

113.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants YESSENIA

-21-

1   BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and

2   DOES 1-10, inclusive, were intended to discourage him from exercising the

3   above civil rights, to retaliate against him, or invoking such rights, or to

4   prevent him from exercising such rights.

5      114.   Defendants successfully interfered with the above civil rights of

6   DECEDENT and Plaintiff.

7      115.   The conduct of Defendants was a substantial factor in causing

8   Plaintiffs' harms, losses, injuries and damages.

9      116.    CITY is vicariously liable for the wrongful acts of Defendants

10  YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC

11  SPIEGEL, and DOES 1-10 pursuant to section 815.2(a) of the California

12  Government Code, which provides that a public entity is liable for the

13  injuries caused by its employees within the scope of the employment if the

14  employee's act would subject him or her to liability.

15     117.   Defendants CITY and DOES 1-10 are vicariously liable under

16  California law and the doctrine of *respondeat superior.*

17     118.   The conduct of Defendants was malicious, wanton, oppressive,

18  and accomplished with a conscious disregard for DECEDENT's and

19  Plaintiff's rights, justifying an award of exemplary and punitive damages as

20  to Defendants DOES 1-10.

21     119.   Plaintiff brings this claim as successor-in-interest to DECEDENT, and

22  seeks both survival and wrongful death damages under this claim. Plaintiff also

23  seeks punitive damages and attorneys' fees under this claim.

24

25                   **ELEVENTH CLAIM FOR RELIEF**

26            **(Intentional Infliction of Emotional Distress)**

27                    **(Against all Defendants)**

28

-22-

120.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 123 of this Complaint with the same force and effect as if fully set forth herein.

121.   Plaintiffs claim that Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 engaged in the aforesaid outrageous conduct towards Plaintiffs with the intention to cause, or with reckless disregard for the probability of causing, Plaintiffs to suffer severe and extreme emotional distress, and with wanton and reckless disregard for the injurious result thereof to Plaintiffs. Defendants directly and proximately caused Plaintiffs to be placed in a position of great fear when DECEDENT was struck through the temple by gunshots fired by Defendants YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSON, and ISAAC SPIEGEL.

122.   As a direct and proximate result of Defendants' conducts as alleged herein, Plaintiffs have suffered, and continue to suffer, injuries including severe anxiety, humiliation, embarrassment, great pain of mind and body, shock, disgrace, loss of enjoyment of life, and severe mental and emotional distress. Plaintiffs are therefore entitled to general and compensatory damages in a sum in excess of the minimum jurisdiction of the court and according to proof at trial.

123.   Plaintiffs are informed and believe and thereby allege that the Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 had advance knowledge of the unfitness of their employees, subcontractors, and agents, including without limitation YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10, and employed them with a conscious disregard of the rights or safety of others, including without limitation, Plaintiffs. Moreover, Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 and their respective managers, officers, and/or directors, authorized, directed, approved, and/or ratified the

wrongful conduct of their employees, subcontractors, and agents, including without limitation Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10. Therefore, the aforesaid conduct of all Defendants, and each of them, constituted reprehensible and despicable behavior which subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, constituted an intentional misrepresentation, deceit, conspiracy, and concealment of material facts known to Defendants with the intention on the part of Defendants, and each of them, of thereby depriving Plaintiffs of property or legal rights and/or otherwise causing Plaintiffs' injuries, and was done with the intent to vex, injure, or annoy Plaintiff such as to constitute oppression, fraud and/or malice under California Civil Code § 3294, and as such, justifies an award of exemplary and punitive damages in an amount appropriate to punish and set an example of Defendants, and each of them, and deter future similar conduct.

124.   Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 engaged in the acts alleged herein and/or condoned, permitted, authorized, directed, approved, and/or ratified the conduct of their employees, subcontractors, and agents, and are therefore vicariously liable for the wrongful conduct of their employees, subcontractors, and agents for this cause of action.

125.   Plaintiffs are further entitled to incidental and consequential damages, plus prejudgment interest at the prevailing legal rate pursuant to California Civil Code § 3287 or any other provision of law providing for prejudgment interest, all in a sum according to proof at time of trial.

### TWELTH CLAIM FOR RELIEF
**(Negligent Infliction of Emotional Distress)**
**(Against All Defendants)**

COMPLAINT FOR DAMAGES

126.   Plaintiffs reallege each and every allegation as contained in paragraphs 1 through 125, inclusive, and incorporate the same herein by reference as though set forth at length.

127.   As a bystander, Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10, and each of them, owed to Plaintiffs an affirmative duty to exercise due care to ensure that Plaintiff was not exposed to foreseeable harms arising therefrom.

128.   Defendants, and each of them, knew, or should have known, that Plaintiff was being, or would be, subjected to the conduct as alleged herein, and knew, or should have known, that subjecting Plaintiffs to such conduct and/or failing to exercise due care by appropriately restraining other employees, officers, agents, subcontractors, independent contractors, managers and/or supervisors from engaging in such conduct, could and would directly and proximately cause Plaintiff to suffer severe emotional distress.

129.   Defendants, and each of them, breached said affirmative duty of due care by engaging in the conduct as alleged hereinabove, by failing to take any and all reasonable steps to halt such conduct and/or to prevent such conduct from occurring, and by failing to take appropriate corrective action following such conduct.

130.   As a direct and proximate result of the aforesaid acts, omissions and other conduct of Defendants, and each of them, Plaintiffs have been directly and proximately caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

131.   As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiffs have suffered, and continue to suffer, injuries including severe anxiety, humiliation, embarrassment, great pain of mind and body, shock, loss of self-esteem, disgrace, loss of enjoyment of life, and corresponding severe mental

and emotional distress.  Plaintiffs are therefore entitled to general and compensatory damages in a sum in excess of the minimum jurisdiction of the court and according to proof at trial.

132.   Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and DOES 1-10 engaged in the acts alleged herein and/or condoned, permitted, authorized, directed, approved, and/or ratified the conduct of their employees, subcontractors, and agents, and are therefore vicariously liable for the wrongful conduct of their employees, subcontractors, and agents for this cause of action.

133.   Plaintiffs are further entitled to incidental and consequential damages, plus prejudgment interest at the prevailing legal rate pursuant to California Civil Code § 3287 or any other provision of law providing for prejudgment interest, all in a sum according to proof at time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants CITY, YESSENIA BLEVENS, TYLER FRISCH, TYLER SIMONSEN, ISAAC SPIEGEL, and Does 1-10, inclusive, as follows: (1) For compensatory damages in whatever other amount may be proven at trial, including both survival damages, loss of life, loss of enjoyment of life and wrongful death damages under federal and state law; (2) For funeral and burial expenses, and loss of financial support; (3) For punitive damages against the individual defendants in an amount to be proven at trial; (4) For statutory damages; (5) For interest; (6) For reasonable attorneys' fees, including litigation expenses; (7) For costs of suit; and (8) For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  March 16. 2023                    SEHAT LAW FIRM PLC

1

2

By_____*/s/ Cameron Sehat*_____
Cameron Sehat, Esq.
Attorney for Plaintiffs SANDY SEDLICK
and JOSEPH SEDLICK

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:  March 16, 2023                SEHAT LAW FIRM PLC

COMPLAINT FOR DAMAGES